# EXHIBIT 1

IN THE CIRCUIT COURT OF THE 11th JUDICIAL CIRCUIT
IN AND FOR MIAMI-DADE COUNTY, FLORIDA

AGRI COMMODITY TRADE, LLC, a           CASE NO.:
Florida limited liability company,

     Plaintiff,

v.

ANTONIO GOMEZ,

     Defendant.

_____/

13-06637CA11

THE ORIGINAL FILED
ON FEB 21 2013

## COMPLAINT

Plaintiff, Agri Commodity, LLC ("Agritrade") hereby sues Defendant Antonio Gomez ("Gomez") and states:

### PARTIES, JURISDICTION AND VENUE

1. Plaintiff Agritrade is a Florida limited liability company, in good standing, with its principal place of business located in Miami-Dade Florida.

2. Defendant Gomez is an individual, *sui juris*, and residing in Miami-Dade County, Florida.

3. This Court has jurisdiction as the damages alleged by Plaintiff exceed $15,000.00 exclusive of attorney's fees and costs.

4. Venue is proper in Miami-Dade County as Defendant Gomez resides in this County.

### GENERAL ALLEGATIONS

5. Since April 2001, Plaintiff and Defendant have enjoyed an ongoing business relationship.

1

6. Plaintiff and Defendant are both in the business of brokering commodities.

7. Throughout the parties' relationship, Gomez has conducted business with Plaintiff in his individual capacity and utilized various companies, including Crawford Commodities, S.A. ("Crawford") and Agrobueyca, S.A.

8. On or about November 2011, Gomez negotiated the purchase of approximately 4,000 metric tons of yellow grease from Plaintiff for the amount of $4,110,332.00.

9. In order to materialize the sale, Gomez made representations to Plaintiff during November 2011, in which Gomez would utilize his Panamanian company, Crawford, to obtain credit for a purchase that was to be delivered in Venezuela.

10. In addition Gomez, individually, was to secure a line of credit from Banco Nacional de Credito and utilize those funds to pay Plaintiff for the commodities delivered in Venezuela.

11. Gomez made these representations in order to induce Plaintiff to circumvent its ordinary business procedures for issuing and extending lines of credit to commodity purchasers.

12. Agritrade relied on the misrepresentations of Gomez and delivered the bargained for commodities in Venezuela during February 2012.

13. Gomez ultimately obtained the line of credit from Banco Nacional de Credito; however, he failed to pay the amounts due to Agritrade.

14. As a result, Agritrade has suffered damages.

## COUNT I
## FRAUD

15. Plaintiff realleges paragraphs 1 through 14 as if fully stated herein.

16. Plaintiff was duped by Defendant Gomez.

2

17. On or about November 2011, Defendant Gomez made material misrepresentations to Plaintiff regarding his ability to obtain a line of credit from a third-party and utilize those funds to repay the amounts owed to Agritrade for the purchase of commodities.

18. Defendant made these representations to Plaintiff in order to induce Plaintiff to bypass and circumvent its ordinary business procedures for issuing lines of credit and shipping large amounts of commodities to Plaintiff's Venezuelan company.

19. Plaintiff relied on Defendant's representations while agreeing to bypass its ordinary line of credit procedures and deliver commodities to Defendant.

20. As a result, Plaintiff has suffered damages.

WHEREFORE, Plaintiff Agri Commodity, LLC respectfully requests that this Court enter judgment in its favor and against Defendant Antonio Gomez and grant such further relief that this Court deems just and proper.

Respectfully submitted,

Miguel Armenteros (0014929)
miguel@pbyalaw.com
PERLMAN, BAJANDAS, YEVOLI & ALBRIGHT, P.L.
1000 Brickell Avenue. Suite 600
Miami, FL 33131
Telephone: (305) 377-0086
Facsimile: (305) 377-0781
*Attorneys for Plaintiff*

3